# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

METROPOLITAN PROPERTY AND     *
CASUALTY INSURANCE COMPANY     *
                                           * Civil Action WMN-10-690
         v.                      *
                                           *
DAVID W. MCKAUGHAN et al.       *

         *     *     *     *     *     *     *     *     *     *     *     *

## **MEMORANDUM**

Pending before the Court are two motions: a motion to intervene filed by Walter J. Holland, Jr., ECF No. 23, and a motion for summary judgment filed by Plaintiff Metropolitan Property and Casualty Insurance Company (Metropolitan), ECF No. 20. These motions are fully briefed. Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (see Local Rule 105.6) and that both motions will be granted.

## I. BACKGROUND

This action arises from an incident in which the bucket loader on a tractor operated by Metropolitan's insured, David W. McKaughan, struck and injured Walter J. Holland, Jr. On October 10, 2009, McKaughan borrowed a John Deere 755C (755C) from Mountain Materials, Incorporated (MMI), a distributor of sand, gravel, and other similar materials. The 755C is a twenty-two foot long bulldozer-like machine weighing over twenty-three

tons.  It is powered by a diesel engine and is equipped with a front-end bucket loader.

According to Defendants, McKaughan had permission from MMI to borrow the 755C at any time.  On the day of the incident, McKaughan used a key to the 775C given to him by MMI's owner and drove the 755C a short distance from MMI's property, where the 775C was parked, to McKaughan's private property.  McKaughan then used the bucket loader to lift asphalt from his property and place it into a trailer on Holland's adjacent property.  The trailer was owned by McKaughan but attached to a truck owned by Holland.  At one point while McKaughan was operating the 755C, it lurched forward and struck Holland, who was standing in front of it, causing Holland severe leg injuries.

As a result of his injuries, Holland sought compensation from McKaughan.  McKaughan had previously purchased a homeowner's insurance policy (Policy)[1] from Metropolitan, and McKaughan filed an insurance claim with Metropolitan to cover Holland's injuries.  The Policy provides that Metropolitan will (1) "pay all sums for bodily injury and property damage to others for which the law holds [McKaughan] responsible because of an occurrence to which [Policy] coverage applies," and (2) defend McKaughan "against any suit seeking these damages."

---

[1] Metropolitan attached a copy of the Policy as Exhibit 1 to its Complaint.  See ECF No. 1-1.

Policy at I-1.  Excluded from coverage, however, are occurrences involving "motorized land vehicles."  To wit, exclusion 8 states that the Policy does "not cover bodily injury . . . arising out of . . . the . . . operation . . . of a motorized land vehicle or trailer . . . operated by or . . . loaned to" McKaughan.  Policy at I-3.  Nonetheless, the Policy contains several exceptions to the motor vehicle exclusion.  The exceptions at issue here provide coverage for "bodily injury . . . arising out of: . . . (b) a motorized land vehicle used exclusively on the insured premises; (c) a trailer while not being towed or carried by a motor vehicle; . . . or (f) a motorized land vehicle principally designed to service residential property."  Policy at I-3.  Separately, the Policy also provides coverage for "bodily injury to a residence employee arising out of and in the course of the residence employee's employment by [McKaughan]."  Policy at I-3.

On March 19, 2010, Metropolitan filed a Complaint for declaratory judgment in this Court, naming McKaughan as the Defendant and Holland as an "Interested Party."  The Complaint alleges that Metropolitan has no duty to defend or indemnify McKaughan for any claims asserted by Holland arising from the accident.  Metropolitan relies on the "motorized land vehicle" exclusion to this effect, arguing that the 755C is a "motorized land vehicle" which was "being operated and used by McKaughan at

3

the time of the accident and was loaned to him for his use by Mountain Materials." Compl. ¶¶ 29-30. Metropolitan further claims that none of the exceptions apply. Compl. ¶ 32.

On November 9, 2010, Metropolitan moved for summary judgment under Federal Rule of Civil Procedure 56. To date, McKaughan has failed to file any responsive pleadings or otherwise defend his interest so Holland filed a motion to intervene on November 26, 2010. Holland argues that (1) Federal Rule of Civil Procedure 24(a)(2) requires the Court to grant him intervention as of right, and (2) Rule 24(b)(1)(B) allows him permissive intervention. Metropolitan opposes Holland's intervention, asserting that he lacks a sufficient interest to intervene as of right, and that he has not asserted any commonalities of law or fact for permissive intervention. Holland also filed an opposition to Metropolitan's motion for summary judgment contemporaneously with his motion to intervene. In opposing Metropolitan's motion, Holland argues that summary judgment is improper because the exclusion for motorized land vehicles does not apply, Policy exceptions do apply, and he has not been afforded adequate time for discovery.

## II. INTERVENTION

Federal Rule of Civil Procedure 24(a)(2) requires the court to permit intervention by anyone "who claims an interest relating to the property or transaction that is the subject of

4

the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." "[I]ntervention of right is dependent on the moving party's fulfillment of three requirements: interest, impairment of interest and inadequate representation." Gould v. Alleco, Inc., 883 F.2d 281, 284 (4th Cir. 1989). Intervention should be construed liberally in order to dispose of a controversy "involving as many apparently concerned persons as is compatible with efficiency and due process." Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986).

    The Supreme Court has found that intervention as of right requires "a significantly protectable interest." Donaldson v. United States, 400 U.S. 517, 531 (1971). To that end, the Fourth Circuit has held that an interest contingent on the outcome of other litigation meets this standard. Teague v. Bakker, 931 F.2d 259, 261 (4th Cir. 1991) (permitting "intervention in a dispute between an insurer and its insured even when the intervenor's interest is contingent on the outcome of other litigation"). In addition, an intervenor's ability to protect his interest might be impaired or impeded by the disposition of an action if the action could result in the loss of certain assets that would otherwise be available to satisfy the intervenor's claim. Id. A declaration that an insurer is

not required to provide coverage for the intervenor's claims against the insured would certainly impair or impede the intervenor's interest. Id. Finally, regarding the third element required to intervene as of right, inadequacy of representation need not be definite, and the Supreme Court has determined that the applicant's burden on this requirement is "'minimal.'" Id. at 262 (quoting Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972)). When the movant seeks to intervene on the side of a party who seeks the same result, a presumption of adequate representation exists, but the movant may rebut the presumption by showing "adversity of interest, collusion, or nonfeasance." Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976).

In this case, Metropolitan argues that Holland lacks an interest in the declaratory judgment action. It argues that "the only way Mr. Holland could be entitled to proceeds from the Policy is if he makes a claim against Mr. McKaughan." Pl.'s Opp. Mot. Intervene 3, ECF No. 26. Though Holland had not yet filed a lawsuit against McKaughan when he moved to intervene in this case, he recently filed a complaint in the Circuit Court for Baltimore County, and therefore Holland possesses the requisite interest in this action.

Metropolitan further argues that Holland's interest is not a "significantly protectable" one and that the Fourth Circuit's

holding in Teague should be overruled.  For the proposition that recent legal developments contradict the holding in Teague, Metropolitan cites non-binding decisions from other circuits.  This argument, however, is inapposite because this Court is bound by the Fourth Circuit's decision in Teague.  Moreover, despite Metropolitan's arguments to the contrary, Metropolitan itself tacitly recognized Holland's interest in the Policy coverage when it named Holland as an "interested party" in this action.  "After seeking a declaratory judgment that [an insurer] is not liable," Metropolitan "cannot now be heard to claim that the [intervenor] lack[s] a sufficient interest to oppose such declaratory judgment."  Teague, 931 F.2d at 261.  Holland's interest is identical to that of the movant in Teague, and it is therefore "significantly protectable."

In addition to having a "significantly protectable interest" in this action, Holland's ability to protect that interest may be impaired or impeded by the disposition of this case.  Holland seeks recovery from McKaughan, Metropolitan's insured, for substantial injuries incurred as a result of the accident.  The refusal of coverage by Metropolitan would substantially limit the assets available to satisfy Holland's recovery.  Yet, McKaughan has not filed any pleadings in this matter and has failed to provide adequate representation in this case; Holland alone opposes Metropolitan.  Thus, Holland has

demonstrated McKaughan's "nonfeasance," and the Court will therefore grant Holland's motion to intervene as of right under Rule 24(a)(2).[2]

III. SUMMARY JUDGEMENT

Federal Rule of Civil Procedure 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The dispositive question for Holland's case is whether the language of the Policy affords coverage for the accident. If, as Holland argues, the 755C is not a "motorized land vehicle," or if one of the exceptions to the exclusion applies, then Metropolitan must provide coverage for Holland's injuries. But if, as Metropolitan argues, the 755C is in fact a "motorized land vehicle," and if none of the exceptions to the exclusion apply, then Metropolitan is not required to provide coverage.

---

[2] After granting intervention as of right, the Court need not address permissive intervention under Rule 24(b)(1)(B).

"In Maryland, insurance policies, like other contracts, are construed as a whole to determine the parties' intentions." Sullins v. Allstate Ins. Co., 667 A.2d 617, 619 (Md. 1995). "Maryland does not follow the rule, adopted in many jurisdictions, that an insurance policy is to be construed most strongly against the insurer." Id. (quoting Cheney v. Bell Nat'l Life, 556 A.2d 1135, 1138 (Md. 1989)). Courts give the words in the contract "their usual, ordinary, and accepted meaning," determined by "what meaning a reasonably prudent layperson would attach to the term." Bausch & Lomb Inc. v. Utica Mut. Ins. Co., 625 A.2d 1021, 1031 (Md. 1993). A contract term is ambiguous only "if, to a reasonably prudent person, the term is susceptible to more than one meaning." Cole v. State Farm Mut. Ins. Co., 753 A.2d 533, 537 (2000).

In this case, neither party has cited case law from Maryland or the Fourth Circuit addressing whether a piece of construction equipment is a "motorized land vehicle." While the Court of Special Appeals of Maryland found that a golf cart was a "motorized land vehicle," that court did not otherwise define the term. See Progressive Cas. Ins. Co. v. Dunn, 665 A.2d 322, 324 (Md. Ct. Spec. App. 1995). Other courts, however, have broadly interpreted similar provisions. For example, the Supreme Court of North Dakota defined a "land motor vehicle" as "any motor driven conveyance for transporting people or things

9

on land." Thedin v. United States Fid. & Guar. Ins. Co., 518 N.W.2d 703, 706 (N.D. 1994) (finding that a farming combine is a "land motor vehicle"). Similarly, the Supreme Court of South Dakota found that a forklift may be both a "motorized land vehicle" and a "motorized land conveyance." Olson v. United States Fid. and Guar. Co., 549 N.W.2d 199 (S.D. 1996). In that case, the South Dakota court found the term "motorize" unambiguous, meaning simply "to equip with a motor," and it further defined the term "conveyance" as a synonym of "vehicle," meaning "a means of carrying or transporting something." Id. at 201-02.

Dictionaries also prove instructive in determining the "meaning a reasonably prudent layperson would attach" to a term. Bausch & Lomb, 625 A.2d at 1031. The Oxford English Dictionary defines "motorized" as "equipped with or powered by a motor," and "vehicle" as "a means of conveyance provided with wheels or runners and used for the carriage of persons or goods." Oxford English Dictionary (2d ed. 1989). Black's Law Dictionary defines "vehicle" similarly as "any conveyance used in transporting passengers or things by land, water, or air." Black's Law Dictionary (9th ed. 2009).

This Court is persuaded by the definitions from other jurisdictions and dictionaries and finds that the 755C is a "motorized land vehicle" under the Policy exclusion. The term

10

is not susceptible to more than one meaning, but rather it has a single broad meaning encompassing any land-based conveyance equipped with a motor and used to transport people or goods. The 755C is equipped with a diesel motor and used to transport a passenger and goods, in this case gravel, sand, or other similar materials.

Because the "motorized land vehicle" exclusion applies, the Policy requires coverage for Holland's claims only if either (1) exceptions (b), (c) or (f) to the exclusion covers the accident, or (2) Holland was McKaughan's employee as defined by the Policy's "residence employee" provision. Exception (b) provides coverage for "bodily injury arising out of a motorized land vehicle <u>used exclusively on the insured premises</u>." Policy at I-3 (emphasis added). Holland argues that only McKaughan's use need be exclusive to his property, but even if that were correct, McKaughan drove the 755C from MMI to his property on the day of the accident. Regardless of whose use or what period of use exception (b) includes, the 755C was not used exclusively on McKaughan's property. Exception (c) provides coverage for "bodily injury arising out of . . . a trailer while not being towed or carried by a motor vehicle." Policy at I-3. Holland argues that the parties' decision to leave the trailer in place following its loading may have been a proximate cause of the accident. Holland's injuries, however, did not arise from the

trailer; they arose from McKaughan's operation of the 755C.
Similarly, exception (f) also fails to save Holland's claim.
That exception provides coverage for "bodily injury arising out
of . . . a motorized land vehicle principally designed to
service residential property." Policy at I-3. Holland suggests
that the 755C could have been designed for use on residential
property, but he does not provide any evidence to support this
unlikely scanario. Moreover, the 755C in this case principally
serviced MMI's commercial property. Its design may make it
suitable for a number of uses, but this falls far short of the
language set forth in exception (f).

As none of the exceptions to the motor vehicle exclusion
apply, only the "residence employee" provision remains to
provide potential coverage by Metropolitan. The residence
employee provision provides coverage for "bodily injury to a
residence employee arising out of and in the course of the
residence employee's employment by [McKaughan]." Policy at I-3.
The Policy defines a "residence employee" as "[an] employee
while performing duties arising out of and in the course of
employment by [McKaughan] in connection with the maintenance or
use of the residence premises." Policy at A-2. Holland argues
that his injuries occurred while he was assisting McKaughan on
the residence property, but Holland does not contend that he was
employed by McKaughan in any way. Instead, Holland was working

in concert with McKaughan on a mutually beneficial task. Holland was not a residence employee of McKaughan and cannot recover under the Policy as such.

Finally, Holland also opposes summary judgment on the ground that he has not received adequate time for discovery. Holland argues that more time is required to develop his case because he only retained counsel on May 3, 2010, less than two months after this action commenced. This argument is meritless, however, due to the grounds on which the Court will grant Metropolitan's motion. Holland's counsel had a full six months from the date of his retention until he filed an opposition to the summary judgment motion. More significantly, Holland has made no showing how further discovery may lead to evidence transforming the 755C into something other than a "motorized land vehicle," nor has he explained how additional evidence could possibly lead to different findings regarding the various Policy exceptions.

IV. CONCLUSION

For the foregoing reasons, the Court finds that Holland's motion to intervene and Metropolitan's motion for summary judgment will be granted. The Court will issue a separate Order.

/s/
William M. Nickerson
Senior United States District Judge

March 17, 2011